## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BARRY S. SPILLER, a/k/a
ROBERT RUTLEY,

       Plaintiff,

v.                                                                   No. CIV 10-0584 JB/LAM

THE STATE OF NEW MEXICO
COUNTY OF LINCOLN,
WARDEN VILLAREAL,
LINCOLN COUNTY DETENTION CENTER,
LINCOLN COUNTY MEDICAL DEPT.,
NURSE TONY GARRETT,
EMERALD CORRECTION MANAGEMENT
SHREVEPORT, LOUISIANA (MEDICAL DIVISION),

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte*, under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Barry S. Spiller's civil rights complaint and supplements thereto (Docs. 7, 8, 12, 15, 18) (together the "Complaint"). Spiller is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will waive an initial partial payment toward the filing fee and, for the reasons below, will dismiss Spiller's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).   In reviewing Spiller's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Spiller filed his complaint on June 17, 2010, naming several Defendants including the State of New Mexico.[1]  Spiller alleges that, in April, 2010, while he was confined in the Lincoln County Detention Center, his pacemaker (pulse regulator) malfunctioned, "resulting in stinging and discomfort in [his] left shoulder."  See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3, filed June 17, 2010 (Doc. 1)("Civil Rights Complaint").  Medical staff initially ignored his requests for specialized treatment, although the device was corrected in June, 2010.  The Complaint also alleges that the judge in Spiller's state criminal proceeding refused him bail or furlough to seek medical treatment.   Spiller contends that these events violated a number of his constitutional protections. The Complaint seeks damages, equitable relief, and "release[] for judicial misconduct." See Civil Rights Complaint at 8.

No relief is available under 42 U.S.C. § 1983 on Spiller's allegation of denial of adequate medical treatment.  Medical staff saw Spiller promptly and opined that his pacemaker device was functioning properly.  These allegations describe no more than a disagreement over specific treatment, see Free v. Unknown Officers of the Bureau of Prisons, 103 F. App'x 334, 337 (10th Cir.

---

[1]  The State of New Mexico is not a "person" for purposes of 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The Court's dismissal of the Complaint does not rest on this pleading deficiency, because Spiller presumably could amend his complaint to name a proper defendant.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).

2004), and thus fail to support a claim under the Eighth Amendment for deliberate indifference to serious medical needs, see id. Rather, Spiller's allegations, at most, support a claim of medical malpractice, which "does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). See Self v. Crum, 439 F.3d 1227, 1230-31 (10th Cir. 2006).

Furthermore, the delay between Spiller's initial request for treatment and correction of the device does not amount to an Eighth Amendment violation. Although Spiller alleges that  the device's malfunction became "progressively worse," he makes no assertion that the delay caused "substantial harm [such as] lifelong handicap, permanent loss, or considerable pain." Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001). The Court will dismiss Spiller's claim of denial of medical treatment.

The Complaint also asserts the same claim against Defendants County of Lincoln and State of New Mexico, based on the state-court judge's alleged refusal to grant him bail or furlough in order to seek medical treatment. For the same reasons stated above, these allegations do not support a claim under the Eighth Amendment.

Last, Spiller's claim for release from confinement is cognizable only under the habeas corpus statutes and not in a § 1983 action.

> Despite its literal applicability . . . , § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

Nelson v. Campbell, 541 U.S. 637, 643 (2004)(citing 42 U.S.C. § 1983; Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Spiller may not pursue his claim for release in an action under § 1983, and

the Court will dismiss the Complaint.

**IT IS ORDERED** that: (i) the initial partial payment toward the filing fee is waived; and (ii) the Plaintiff's Complaint is dismissed with prejudice, pending motions are denied as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Barry S. Spiller
   Northeast New Mexico Detention Facility
Clayton, New Mexico

     *Plaintiff pro se*

4